1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    RONNIE KAUFMAN, et al.,

              Plaintiffs,                          Case No.  14-cv-03237-JST

8

9        v.                                        **ORDER DENYING DEFENDANTS'
                                                   MOTION FOR SANCTIONS**
10   INTERNATIONAL LONGSHORE &
     WAREHOUSE UNION, et al.,                       Re: ECF No. 35

11            Defendants.

12          Before the Court is Defendants International Longshore and Warehouse Union ("ILWU")

13   and International Longshore and Warehouse Union Local 34's ("Local 34") Motion for Sanctions.

14   The Court will deny the motion.[1]

15   **I.      BACKGROUND**

16          Plaintiffs Ronnie Kaufman and Alphonce Jackson, proceeding *pro se*, brought claims

17   against Defendants International Longshore and Warehouse Union and ILWU Local 34 for

18   violations of section 501 of the Labor Management Reporting and Disclosure Act of 1959 and

19   section 301 of the Labor-Management Relations Act.  See Second Amended Complaint, ECF No.

20   18.  Plaintiffs primarily alleged that Defendants breached the duty of fair representation and

21   fiduciary duty by failing to preserve seniority rights and vesting rights in certain clerk planner

22   jobs.  Id.  Defendants answered the complaint and asserted affirmative defenses, including

23   Plaintiffs' failure to exhaust internal and administrative remedies and the statute of limitations.

24   ECF No. 20.

25          Defendants then filed a Motion for Summary Judgment, arguing that summary judgment

26

27   _____

28   [1] The Court does not require further briefing in resolving the Motion.  Accordingly, Plaintiffs'
     request to continue the Motion and extend the briefing schedule, ECF No. 38, is denied.

United States District Court
Northern District of California

was appropriate because the claims were untimely, Plaintiffs did not exhaust internal and administrative remedies, and the claims failed on the merits.  ECF No. 22.  The Court granted the motion, ECF No. 31, and entered judgment for Defendants, ECF No. 33.  The Clerk of the Court taxed $1,885.80 in costs.  ECF No. 37.

Defendants now bring the present Motion for Sanctions.  ECF No. 35.  Defendants request that, pursuant to 28 U.S.C. section 1927 and the court's inherent authority, the Court levy sanctions against Plaintiffs because Plaintiffs' claims were procedurally improper, substantively frivolous, and pursued in bad faith.  Id.  Defendants request an award of $57,821.25, representing the attorneys' fees and costs expended in defending this suit since Defendants answered the Second Amended Complaint.  Id. at 7; Morton Decl., ECF No. 35-1 at 6.  Alternatively, Defendants request $8,577.50—the fees incurred since Plaintiffs filed their opposition to the Motion for Summary Judgment.  Id.

## II.    LEGAL STANDARD

The Court derives its authority to sanction a party for improper conduct from three primary sources:  (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. section 1927, and (3) the Court's inherent authority.  Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  Defendants request that the Court impose sanctions pursuant to 28 U.S.C. section 1927 and the Court's inherent authority.

28 U.S.C. section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Before imposing sanctions pursuant to section 1927, a court must make a finding of subjective bad faith.  Trulis v. Martin, 107 F.3d 685, 694 (9th Cir. 1995).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent."  Id. (quoting New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)).  Section 1927 sanctions may be imposed upon a pro se plaintiff.  See Wages v. IRS, 915 F.2d 1230, 1235–36 (9th Cir. 1989).

United States District Court
Northern District of California

The court also has the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Fink</u>, 239 F.3d at 991 (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980)).  Under the court's inherent power, however, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." <u>Id.</u> at 994.  Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." <u>Id.</u>  The inherent power to sanction is meant to "vindicat[e] judicial authority." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 34 (1991).  "Because of their very potency, inherent powers must be exercised with restraint and discretion." <u>Id.</u> at 44.

## III.     DISCUSSION

Defendants argue that Plaintiffs pursued their claims without attempting to address the defects that Defendants raised in their Answer to the Second Amended Complaint or Motion for Summary Judgment.  ECF No. 35 at 4–5.  Defendants maintain that the Court should award attorneys' fees and costs because Plaintiffs persisted in litigating the case even after Defendants provided plainly meritorious defenses.  <u>Id.</u> at 6.

Defendants cite to <u>Pascual v. Wells Fargo Bank</u>, No. 4:13-CV-02005-KAW, 2014 WL 582264 (N.D. Cal. Feb. 13, 2014) to support their position.  In <u>Pascual</u>, the plaintiff filed a lawsuit against a bank regarding the origination of a home loan, and the bank filed a motion to dismiss, arguing that the claims were time-barred and preempted.  <u>Id.</u> at *1.  The plaintiff filed an amended complaint, but the amended complaint did not address the statute of limitations or preemption issues.  <u>Id.</u> at *2.  Plaintiff's counsel represented clients in 16 other cases against the same defendants, and preemption and the statute of limitations defenses were raised in motions to dismiss in all of the cases.  <u>Id.</u> at *3.  Three of the cases settled but the remaining cases resulted in dismissals.  <u>Id.</u> at *8.  Two such dismissals were with prejudice because of preemption because claims were time-barred.  <u>Id.</u>  The court concluded that based on the attorney's experience, the plaintiff's counsel had no reason to think that defendants would not raise such arguments in responding to the amended complaint.  <u>Id.</u>  The court found that in filing the first amended

United States District Court
Northern District of California

1    complaint, plaintiff's counsel unreasonably and vexatiously multiplied the proceedings such that

2    sanctions under section 1927 would be appropriate.  Id.

3       Wages v. IRS is also instructive.  In that case, the Ninth Circuit affirmed the imposition of

4    section 1927 sanctions against a *pro se* plaintiff.  915 F.2d at 1235–36.  The plaintiff's amended

5    complaint "did not materially differ" from the one the district court had dismissed for failing to

6    state a claim.  Id. at 1235.  Additionally, the plaintiff "continually" moved for alternations in the

7    district court's original judgment "despite that court's clear unwillingness to change its mind,"

8    which evidenced bad faith in unreasonably and vexatiously multiplying the proceedings.  Id.

9       Although Defendants listed their affirmative defenses in their answer and articulated them

10    in their summary judgment motion, and although Defendants ultimately prevailed on those

11    defenses, the Court nonetheless concludes that Defendants have not shown that Plaintiffs acted in

12    bad faith.  Defenses that would appear meritorious to a lawyer may not be as clearly recognizable

13    to a *pro se* litigant, particularly where the case turns on procedural grounds.  See Coleman v.

14    Teamsters Local 853, No. 12-05981 SC, 2013 WL 3790900, at *2 (N.D. Cal. July 18, 2013)

15    (declining to award sanctions under Rule 11 because plaintiff proceeded *pro se* and required

16    "more leniency").  Nor does the Court find that Plaintiffs unreasonably and vexatiously multiplied

17    the proceedings in this case.  This case is unlike Pascual, where the plaintiff filed an amended

18    complaint that did not address the deficiencies raised by the first motion to dismiss and where

19    motions to dismiss in other cases filed by plaintiff's counsel raised the same deficiencies.  Nor is

20    this case like Wages, where the *pro se* plaintiff's amended complaint did not address deficiencies

21    identified by the Court.

22       Finally, the imposition of sanctions has a chilling effect, Johnson v. Hewlett-Packard Co.,

23    No. C-09-03596 CRB, 2014 WL 3703993, at *6 (N.D. Cal. July 24, 2014); Passillas v.

24    McDonald's Corp., No. CV 88-4065 FFF (EX), 1989 WL 418779, at *4 (C.D. Cal. Apr. 21, 1989)

25    aff'd sub nom. Pasillas v. McDonald's Corp., 927 F.2d 440 (9th Cir. 1991), and a court should

26    therefore avoid imposing them unless the misconduct is clear.  For the foregoing reasons, the facts

27    in this case do not rise to that level.

28    / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion for Sanctions.

IT IS SO ORDERED.

Dated:  November 24, 2015

_____
JON S. TIGAR
United States District Judge